AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

EASTERN District of MICHIGAN

UNITED STATES OF AMERICA

V.

CARLOS GOMES OCHOA,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 4:07-CR-30068-1FL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-©, or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. 801 et. seq.
  - under 18 U.S.C. § 924©.
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence that

detention is appropriate in this matter. The information presented at the hearing reveals that the defendant is in the United States illegally. The record also indicates that the defendant has used three different names. The defendant also has four outstanding warrants for failure to appear pending against him. Based upon the defendant's lack of ties to the United States, his failure to appear in other court proceedings, and the severity of the charges pending in this matter, I find that there are no conditions or combination of conditions which will assure the defendant's appearance. The defendant shall be detained without bond pending trial in this matter. IT IS SO ORDERED.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date: February 1, 2007

s/ Steven D. Pepe

STEVEN D. PEPE. U.S. MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or © Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification of such filing to the following: James C. Mitchell, AUSA, Kenneth Karasick , and I hereby certify that I have mailed by United States Postal Service/hand delivered the paper to the following non-ECF participants: United States Marshal Service, 600 Church St., Flint, MI, 48502, Pretrial Services Officer, 600 Church St., Flint, MI 48502.

                                                s/James P. Peltier
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S.District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peltier@mied.uscourts.gov